```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

CARLOS YOUNG,

       Petitioner,

v.                                                Case No. 2:11-cv-668-FtM-29CM
                                                                           Case No. 2:08-cr-42-FtM-29SPC

UNITED STATES OF AMERICA,

       Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #163)[1] filed on November 21, 2011.  The government filed a Response in Opposition to Motion (Cv. Doc. #8) on February 10, 2012.  For the reasons set forth below, the motion is denied.

**I.**

On March 26, 2008, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #1) against Carlos Young (petitioner or Young), Osner Exantus (Exantus), George Edward Hall, III (Hall), and John Dukes (Dukes).  In Count One, all

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."  Page numbers will be the court's computer-generated numbers in the upper right corner of the document.

defendants were charged with conspiracy to possess with intent to distribute five hundred grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II), and 846. In Count Two, all defendants were charged with possession with intent to distribute five hundred grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii)(II). Both charges against Exantus, Hall, and Dukes were dismissed prior to trial, leaving petitioner as the sole remaining defendant. (Cr. Doc. #116.) Count One as to petitioner was dismissed on motion by the government prior to trial. (Cr. Doc. #138.) Petitioner was found guilty on Count Two of the Indictment after a jury trial. (Cr. Doc. #130.)

On June 22, 2009, the Court sentenced petitioner to a term of imprisonment of eighty-seven months, to be followed by a term of supervised release of forty-eight months, and a special assessment of one hundred dollars. (Cr. Doc. #146.) Judgment was filed on June 23, 2009. (Cr. Doc. #147.) Petitioner filed an appeal on June 24, 2009. (Cr. Doc. #148.) On May 6, 2010, the Eleventh Circuit Court of Appeals affirmed both the conviction and the denial of petitioner's motion to suppress his incriminating statements. United States v. Young, 377 F. App'x 965 (11th Cir. 2010); (Cr. Doc. #162). Petitioner did not file a petition for writ of *certiorari*.

**II.**

Petitioner raises multiple claims of ineffective assistance of trial counsel: (1) failure to object to dismissal of the conspiracy count and allowing trial on the possession count; (2) failure to object to the government soliciting a false statement from a witness; (3) failure to challenge the validity of the traffic stop; (4) failure to challenge the validity of the petitioner's detention; (5) failure to challenge the drug dog's qualifications; (6) failure to assert a defense of duress to show that petitioner's confession was involuntary; (7) failure to object to the altered video of the arrest, where the full video would have shown that the stop and detention were invalid; (8) failure to investigate and call witnesses; and (9) advising petitioner not to testify at trial. (Cv. Doc. #1.) Liberally construed, the petition also asserts that appellate counsel provided ineffective assistance for failing to raise the ineffective assistance of trial counsel on appeal (Cv. Doc. #1, p. 3.)

**A. Evidentiary Hearing**

A district court shall hold an evidentiary hearing on a habeas petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court

should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous . . . ." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Here, even when the facts are viewed in the light most favorable to petitioner, the record establishes that petitioner received effective assistance of counsel in this case and there was no trial court error. Therefore, the Court finds that an evidentiary hearing is not warranted in this case.

**B. Timeliness Of § 2255 Motion**

While the §2255 motion appears to be untimely, the government has waived this issue. The Court's Order (Cv. Doc. #4) directing a response requires the government to state whether there is any bar against the petitioner and to state whether the motion was filed within the one year limitation period. The government's Response (Cv. Doc. #8) did not discuss the one year limitation period and did not assert any bar against petitioner. The one-year limitations period is an affirmative defense which is waived if not raised. Wood v. Milyard, ___ U.S. ___, 132 S. Ct. 1826, 1832 (2012). While the Court has discretion to raise the limitations issue *sua sponte*, Jackson v. Sec'y for Dep't of Corr.,

292 F.3d 1347, 1349 (11th Cir. 2002), the Court declines to do so here, Rogers v. United States, 8:10-CV-1873-T-27EAJ, 2013 WL 6047022, *1 (M.D. Fla. Nov. 13, 2013) (citing Wood). Therefore, the Court will address the merits of the claims raised by petitioner.

**C. Ineffective Assistance of Counsel Claims**

**(1)  General Legal Principles**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . ." Roe v. Flores-Ortega,

528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690) (internal quotation marks omitted). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeal, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Hinton, 134 S. Ct. at 1087-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 1089 (quoting Strickland, 466 U.S. at 694) (internal quotation marks and citations omitted).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**(2)  Specific Claims**

**(a)  Failure to Object to Government's Motion to Dismiss Conspiracy Count (Issue 1)**

After the court called the case, and prior to beginning the selection of a jury, the government moved to dismiss Count One, the conspiracy charge. Defense counsel did not object, and the Court dismissed Count One as to petitioner. (Cr. Doc. #157, pp. 7-8.) Petitioner now claims that his counsel provided ineffective assistance by not objecting to the government's motion to dismiss the conspiracy count and allowing petitioner to go to trial on only the possession count. (Cv. Doc #1.) Petitioner asserts that conspiracy was the "proper" count and that possession was an "improper" count. (Cv. Doc. #1, pp. 3-4.) Petitioner argues that

he did not possess the cocaine because he was not the driver of the car but was merely a passenger, and that his confession only implied a conspiracy to possess and distribute the cocaine upon arrival at their destination, not actual possession of cocaine en route. (Cv. Doc. #1, pp. 4, 19.)

Prior to trial the government is entitled to seek dismissal of an indictment or a count of an indictment with leave of court and without the defendant's consent. Fed. R. Crim. P. 48(a); United States v. Brazel, 102 F.3d 1120, 1142 n.10 (11th Cir. 1997) (Rule 48(a) covers the dismissal of counts of an indictment as well as the whole indictment). This is because an attorney for the United States, acting as an executive official of the government, has the sole power to decide whether to prosecute a case or a count. United States v. Cowan, 524 F.2d 504, 507-08 (5th Cir. 1975). A criminal trial commences when the jury has been sworn, United States v. Del Vecchio, 707 F.2d 1214, 1215 (11th Cir. 1983), and therefore the government was permitted to seek dismissal with leave of court and without the defendant's consent. The government is entitled to the presumption of good faith in connection with a Rule 48(a) dismissal. United States v. Dyal, 868 F.2d 424, 428 (11th Cir. 1989); United States v. Matta, 937 F.2d 567, 568 (11th Cir. 1991).

Not only was petitioner's consent not needed for the dismissal of the conspiracy count, there was neither deficient performance

nor prejudice to petitioner by counsel's failure to object to the dismissal. The effect was that the charge which petitioner characterizes as "proper" was dismissed. There can be no deficient performance or prejudice when defense counsel obtains such a beneficial result for a defendant.

Petitioner also asserts that his trial counsel should have preserved this issue for appeal with a motion for acquittal. (Cv. Doc. #1, p. 19.) No motion for acquittal was appropriate for a count which was dismissed prior to trial. Any appeal of the dismissal would have been frivolous, and counsel was not ineffective in his handling of the government's motion to dismiss.

### (b)  Failure to Object to Trial by Ambush (Issue 2)

Petitioner asserts that his trial attorney provided ineffective assistance by failing to object to "trial ambush" by the prosecutor. (Cv. Doc. #1.) Petitioner asserts that the only evidence of the drugs being in his possession is the affirmative response by Trooper Heinlein at trial to the following question from the prosecutor: "So, of the four people in the vehicle, the only one that you heard actually acknowledge that it was his cocaine was Mr. Young." (Cv. Doc. #1; Cr. Doc. #157, p. 97.) Petitioner claims the Trooper's testimony is false because up until that point, the Trooper's report and statements asserted that petitioner had said that there was cocaine in the trunk and "we were on our way to St. Pete to sell it." Petitioner claims this

statement was an admission of conspiracy to possess the cocaine, but not possession of cocaine. (Cv. Doc. #1, pp. 19-20.)

There is no evidence of an ambush or that Trooper Heinlein perjured himself when he affirmed that the petitioner acknowledged that the drugs were his. The government had supplied petitioner's counsel with a copy of the Trooper's report containing petitioner's statements well prior to trial, and defense counsel moved to suppress the statement. (Cr. Doc. #60.) The Trooper testified to the post-arrest statements at the suppression hearing, i.e., that petitioner stated there was one and a half kilos in the trunk of the vehicle. (Cr. Doc. #78, pp. 16-18.) In opening statement defense counsel told the jury that the evidence would indicate that someone other than petitioner owned the cocaine and that the statements attributed to petitioner may or may not have been made. (Cr. Doc. #157, p. 224.) At trial the Trooper testified to the same statements by petitioner (Cr. Doc. #157, p. 225): "there's one and a half kilos in the vehicle, statements of that nature" and that "they had been trying to get rid of it, and they hadn't been able to do so, so they were going up to Saint Petersburg to try and sell it." (Id. at 224.) Later, the prosecutor asked the Trooper: "To the best of your knowledge, as an officer in this case, did Mr. Exantus, Mr. Hall, or Mr. Dukes every say that they had any interest in that cocaine?" The Trooper responded: "They did not say anything in such a way." (Id. at 225.) The Trooper

was then asked if they ever indicated any ownership of that cocaine, to which he responded no. (Id.) Finally, the Trooper was asked: "So, of the four people in the vehicle, the only one that you heard actually acknowledge that it was his cocaine was Mr. Young?", to which the officer said "yes sir." (Id.)

The Trooper's response to the final question was not inconsistent with his reports and was not surprise testimony. Petitioner's admission regarding the trip to St. Petersburg so that "they" could sell the drugs was reasonably construed as an acknowledgment that petitioner had at least joint possession and control of the cocaine. Additionally, the jury was correctly instructed as to the meaning of possession[2]. (Cr. Doc. #157, pp.

---

[2]   The instruction on possession stated:

> The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.
>
> A person who knowingly has direct physical control of something is then in actual possession of it.
>
> A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.
>
> If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

211-214.)  There is no evidence of misconduct by the Trooper or the prosecutor, and petitioner has not shown any ineffective assistance of counsel as to this issue.

### (c) Failure to Challenge Validity of Traffic Stop (Issue 3)

Petitioner asserts that his trial counsel provided ineffective assistance by failing to challenge the validity of the traffic stop.  Petitioner asserts that counsel did not challenge the fact that the vehicle was speeding or require proof of calibrated radar equipment.  In the absence of such evidence, petitioner contends, the stop was unlawful.  (Cv. Doc. #1, p. 21.)

Trial counsel moved to suppress all evidence as a result of the traffic stop.  (Cr. Doc. #60.)  There was an evidentiary hearing as a result of the motion (Cr. Doc. #78), and a Report and Recommendation was filed recommending that petitioner's motion to suppress be denied (Cr. Doc. #87).  Petitioner's counsel again contested the traffic stop in an Objection to the Report and Recommendation, claiming that stopping someone for driving less than eighty miles an hour on I-75 is "rarely, if ever, standard procedure" and that the Trooper who made the stop had been looking

---

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

(Cr. Doc. #129, pp. 7-8.)

for the vehicle. (Cr. Doc. #89, p. 1.) The motion to suppress was ultimately denied and the Court determined that the traffic stop was legal. (Cr. Doc. #90.) The denial of the motion to suppress was affirmed by the Eleventh Circuit. <u>United States v. Young</u>, 377 F. App'x 965 (11th Cir. 2010); (Cr. Doc. #162). Petitioner's claim is without merit as it is clear that trial counsel <u>did</u> challenge the traffic stop that led to petitioner's arrest. Petitioner's assertion that a traffic stop for speeding is unlawful absent proof of calibrated radar equipment is simply incorrect. <u>State v. Allen</u>, 978 So. 2d 254, 255 (Fla. 2d DCA 2008) (stating that "police may stop a vehicle for a speeding violation based on the officer's visual or aural perceptions and that verification of actual speed by the use of radar equipment or clocking is not necessary to justify the stop"). An attorney does not provide ineffective assistance by failing to make an argument that is without merit.

      **(d)   Failure to Challenge Validity of Detention (Issue Four)**

Petitioner asserts that trial counsel provided ineffective assistance by failing to challenge the validity of the detention, which was based only on the Trooper's uncorroborated claim that the vehicle smelled of marijuana. (Cv. Doc. #1, pp. 21-22.) As with the traffic stop, counsel did challenge the detention of petitioner in his motion to suppress and Objection to the Report

and Recommendation by arguing the detention was not warranted by the behavior of the petitioner or Exantus, and that "[t]he unsubstantiated faint odor of marijuana should not open the door to the type of investigation conducted." (Cr. Doc. #89, p. 7.) The Court overruled counsel's objection, and adopted the Report and Recommendation (Cr. Doc. #90.) The ruling was affirmed on appeal, United States v. Young, 377 F. App'x 965 (11th Cir. 2010); (Cr. Doc. #162). There is no legal requirement for corroboration of an officer's testimony, and counsel is not required to make an argument which lacks merit. Petitioner's claim of ineffective assistance of counsel is without merit.

### (e) Failure to Challenge Drug Dog Qualifications (Issue Five)

Petitioner claims that his counsel was ineffective in failing to evaluate the reliability or to challenge the qualifications of the drug dog and that his right to confrontation was violated because "the dog was not shown in the courtroom." (Cv. Doc. #1, p. 8.) Petitioner also asserts that the dog did not give a positive alert to drugs, as shown by the videotape of the traffic stop. Petitioner claims that the fact that the dog did not give a positive alert proves that there had not been a marijuana odor emanating from the car. (Cv. Doc. #1, pp. 22-23.)

The Trooper who stopped the vehicle stated that he smelled a marijuana odor coming from the vehicle. (Cr. Doc. #87, p. 3.)

Then, the dog was called and the officers testified that it gave a positive alert to drugs. (Cr. Doc. #87, p. 4.) Petitioner's claim of no positive alert is contradicted by the Trooper's statement and testimony, which were found by this Court to be credible. (Cr. Doc. #87, pp. 10-11; Cr. Doc. #90.) Regardless of the dog alert, the Trooper's testimony as to the odor of marijuana was corroborated by the fact that marijuana was found in the area that Hall and Exantus ran to before being apprehended. (Cr. Doc. #60, p. 2.) There was no deficient performance or prejudice to petitioner.

### (f) Failure to Preserve Duress Issue (Issue Six)

Petitioner asserts that trial counsel was ineffective for failing to prove that his confession was based on duress and was therefore involuntary and failing to preserve this issue. (Cv. Doc. #1, p. 24.) The record establishes the contrary.

Trial counsel moved to suppress the confession, stating that it was involuntary and made as a result of coercion. (Cr. Doc. #60.) This motion was denied after the evidentiary hearing. (Cr. Doc. #90.) Petitioner raised the issue on appeal, and the Eleventh Circuit Court of Appeals affirmed the voluntary confession and rejected the coercion claim denial of the motion to suppress the confession. (Cr. Doc. #162.) Petitioner cannot show ineffective assistance of counsel.

### (g) Failure to Object to Destruction of Video Tape (Issue Seven)

Petitioner claims that the Trooper took out portions of the video that would have reflected that the stop and detention was illegal. Petitioner asserts that trial counsel was ineffective for failing to object to the alteration of the videotape of the traffic stop. (Cv. Doc. #1, p. 25.)

There is no evidence to indicate that the video of the traffic stop was altered or tampered with, as petitioner now asserts, and petitioner presents none. The videotape was filmed from Trooper Merritt's vehicle, which arrived on the scene while Trooper Heinlein was writing the ticket. (Cr. Doc. #78, p. 10.) Trooper Heinlein wrote the ticket after the event that petitioner claims is missing from the tape, and so the tape would not show the initial events of the traffic stop. (Cr. Doc. #78, p. 57.) Even if the videotape captured that portion of the traffic stop, it would not show when the Trooper claimed to smell marijuana. The videotape does not have sound and therefore would not be able to show any of the Trooper's statements. (Cr. Doc. #78, p. 7.) Additionally, it was petitioner who moved the video tape into evidence (Cr. Doc. #157, p. 106.) Petitioner has not established any ineffective assistance of counsel in connection with this claim.

### (h) Failure to Investigate and Call Witnesses (Issues 8 and 9)

Petitioner asserts that trial counsel was ineffective in failing to investigate and call witnesses who were willing and able to testify at trial. Petitioner claims that counsel failed to call his co-defendants and did not investigate the owner of the vehicle. (Cv. Doc. #1, pp. 25-26.) Petitioner submits affidavits of one of the passengers of the vehicle, George Hall, and petitioner's girlfriend, Dianah Lassegue. Hall's affidavit states that: (1) the driver and passengers borrowed the vehicle and did not open the trunk or have knowledge of the contents of the trunk; (2) none of the occupants of the vehicle smoked marijuana and the car did not smell of marijuana; (3) the driver was not speeding; (4) the State Troopers "jumped" petitioner because petitioner stated that he was going to call a lawyer after he heard one of the Troopers say that petitioner and the other passengers "had to be some dope selling [racial slur]," and the Troopers took petitioner's cell phone and maced him; (5) petitioner did not say there was cocaine in the trunk of the vehicle; and (6) the drug dog did not attack the vehicle or lay down by the vehicle to indicate a positive alert to drugs. (Cv. Doc. #1-5, p. 2.) Petitioner's girlfriend's affidavit states that the vehicle's owner is not herself, but her cousin, Thania Maglorie. (Cv. Doc. #1-5, p. 4.)

"Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995). Ms. Lassegue's affidavit is without any significance. Defense counsel had stated in his opening statement that the vehicle owned by Thania Magliore. (Cr. Doc. #157, p. 65.)

There is no showing of insufficient assistance of counsel as to this claim.

### (i)   Inhibiting Right to Testify (Issue 10)

Petitioner asserts that trial counsel was ineffective by preventing petitioner from testifying. (Cv. Doc. #1, p. 26.) Defense counsel carries the main responsibility for advising a defendant on his right to testify; the decision is for the defendant. United States v. Teague, 953 F.2d 1525, 1533 (11th Cir. 1992). The record establishes that counsel gave petitioner his advice and petitioner decided not to testify. There is no evidence that counsel prevented him from testifying. The Court advised petitioner of his right to testify:

> THE COURT: All right.
>
> Mr. Young, let me go over one other matter with you right now, while we're waiting for the jury.
>
> You have an absolute right to testify on your own behalf, if you wish to testify. You also have an absolute right not to testify, if you do not wish to testify. The choice is yours,

>and yours alone. Your attorney can give you his advice, but you ultimately have to make the decision as to whether you wish to testify or not.
>
>Do you understand that?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: You don't have to make that decision right now. The government has to present its case, and, after that, I'll call upon you and your attorney to proceed, if there's anything you wish to present.
>
>So you don't have to decide that now, but I just want you to understand that you have those rights.
>
>THE DEFENDANT: I understand.

(Cr. Doc. #157, pp. 10-11.)  Petitioner later told the Court that he did not wish to testify.  (Cr. Doc. #157, p. 189.)  It is clear that petitioner was aware of his right to testify and there is no evidence that trial counsel prevented petitioner from doing so.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #163) is **DENIED** on the merits for the reasons set forth above.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __30th__ day of July, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
Counsel of Record